IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| Jose Alberto Perez, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER ON MOTION TO VACATE,** |
| | ) | **SET ASIDE, OR CORRECT SENTENCE** |
| v. | ) | |
| | ) | Case No. 3:23-cv-127 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cr-145 |
| | ) | |
| Jose Alberto Perez, | ) | |
| | ) | |
| Defendant. | ) | |

Petitioner Jose Alberto Perez moves to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 313. The United States opposes the motion. Doc. 337. Perez also filed a supplemental brief asserting additional claims. Doc. 325. The Court analyzes the supplemental brief as part of the motion. After careful review, the motion is denied.

I.   **FACTUAL BACKGROUND**

In February 2018, North Dakota Highway Patrol Trooper Brett Mlynar initiated a traffic stop on a vehicle near Devils Lake, North Dakota, that was driving the wrong way on a highway. Doc. 209 at 3-4. He asked the driver, Perez, for vehicle registration and proof of insurance. Id. at 5. Perez did not provide either. Id. A pat-down search of Perez revealed a knife, cell phones, and Perez's driver's license. Id. at 5-6. Trooper Mlynar learned that Perez's driver's license was

suspended and he had an active Colorado arrest warrant for drug charges. Id. at 6. Trooper Mlynar charged Perez with driving with a suspended license. Id.

Trooper Mlynar informed Perez that he was under arrest. Id. at 8. Trooper Mlynar did another pat-down and discovered a holster and bullets. Id. He deployed a K9 to sniff the vehicle. Id. at 9. Because the K9 picked up a scent, Trooper Mlynar did a physical search of the vehicle. Id. The search yielded 24 grams of methamphetamine, one gram of marijuana, 43 empty clear plastic bags, and a computer. Id. at 10. He also found debit cards not belonging to Perez, a short-barreled shotgun, shotgun shells, a loaded handgun, and multiple cell phones. Id.

Trooper Mlynar's supervisor advised impounding the vehicle. Id. Before the tow arrived, Trooper Mlynar conducted an inventory search. Doc. 166-2 at 6. He found no contraband during the search. Doc. 209 at 11. On the inventory form, Trooper Mlynar listed the reason for the hold on the vehicle as "Pending Investigation." Id. The vehicle was then towed to an impound lot. Id.

Perez was arrested on state drug charges and for driving with a suspended license and booked into the local jail. Id. During booking, a woman called to say she heard her vehicle was involved in a traffic stop. Id. She had not given Perez permission to use the vehicle. Id. Several days later, Trooper Mlynar went to the impound lot and searched the vehicle again because the first search was rushed. Id. at 12. He found additional handguns, methamphetamine, and a cell phone. Id. Later, pursuant to a warrant, he searched the vehicle a third time. Id. He found more ammunition, 459 grams of methamphetamine, drug paraphernalia, and a stun gun. Id. at 12-13.

## II.     PROCEDURAL BACKGROUND

In 2018, Perez was indicted by a federal grand jury. He was charged with:

(1) conspiracy to possess with intent to distribute and distribute a controlled substance, (2) possession with intent to distribute a controlled substance, (3) possession of firearms in furtherance of drug trafficking crimes, (4) possession of

>a firearm made in violation of the National Firearms Act, and (5) possession of firearms and ammunition by a convicted felon.

Doc. 219. Perez filed a motion to suppress evidence. Doc. 144. Magistrate Judge Alice Senechal issued a report and recommendation concluding no Fourth Amendment violation occurred. Doc. 209. The Court adopted the report and recommendation. Doc. 217. Perez proceeded to trial. During trial, Perez argued the United States made an improper comment on his failure to testify. Doc. 305 at 30. Based on this alleged error, Perez requested a mistrial. Id. The Court denied the motion. Id. at 32. Ultimately, the jury convicted Perez of all five counts.

Sentencing was held on January 20, 2021. Perez was sentenced to 271 months of incarceration followed by five years of supervised release. Doc. 289. Perez appealed the denial of his suppression and mistrial motions. The Eighth Circuit Court of Appeals affirmed the denial of both motions on April 1, 2022. United States v. Perez, 29 F.4th 975 (8th Cir. 2022). Perez then filed this § 2255 motion on July 26, 2024, alleging ineffective assistance of counsel and other claims related to his convictions in Case No. 3:18-cr-145. Doc. 313.

### III.   LEGAL STANDARD

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017).

A § 2255 motion may be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011).

"The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is within the district court's discretion. See id.

## IV. DISCUSSION

As an initial matter, Perez's supplemental brief containing additional habeas corpus claims (Doc. 325) is untimely. 28 U.S.C. § 2255(f) generally requires a § 2255 movant to file a motion within one year of the judgment becoming final. Although Perez's initial § 2255 motion was timely, he filed the supplemental brief eight months outside of the one-year window. Doc. 325. Still, to ensure a complete review, the Court will address the claims in Perez's supplemental brief as part of the § 2255 motion. Thus, the Court finds it moot to address the parties' arguments on equitable tolling and relation back.

Perez raises the following issues in his petition and supplemental brief: (1) sentencing disparity and (2) nine claims of ineffective assistance of counsel.

### A. Sentencing Disparity

Perez claims he was subjected to an unwarranted sentencing disparity. Doc. 313 at 7. As an initial matter, Perez did not argue the sentencing disparity on appeal. Section 2255 motions are not substitutes for directly appealing nonconstitutional and nonjurisdictional claims of sentencing error. See Matthews v. United States, 114 F. 3d 112, 113 (8th Cir. 1997); Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). Because Perez did not raise the issue on appeal, it is procedurally defaulted. When a claim is procedurally defaulted, it may only be raised in a § 2255 motion if the defendant can demonstrate "cause" and actual "prejudice," Murray v. Carrier, 477 U.S. 478, 485 (1986), or actual innocence. Smith v. Murray, 477 U.S. 527, 537 (1986). Perez does

not argue innocence, nor does he show cause as to why this argument was not raised on direct appeal. Accordingly, because no exception applies, Perez's claim fails.

Even assuming Perez could overcome procedural default, his argument that he was subjected to a sentencing disparity fails on the merits. Perez has not identified any "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See 18 U.S.C. § 3553(a)(6). Without a description of what disparity existed, the claim is conclusory and fails.

### B.     Ineffective Assistance of Counsel

The next nine claims allege ineffective assistance of counsel. To obtain relief for ineffective assistance of counsel, a petitioner must satisfy the two-part test in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a petitioner must establish constitutionally deficient representation, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts view the representation from counsel's perspective at the time of the alleged error to avoid effects of hindsight and second-guessing. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 489). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

Second, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). Reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at 694). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006). Where a petitioner raises multiple ineffective assistance of counsel claims, each must be examined independently. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002). Cumulative error will not justify habeas relief. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

Perez identifies nine errors purportedly committed by counsel:

> (1) counsel provided ineffective assistance at trial and sentencing; (2) counsel failed to raise the issue of insufficient evidence on direct appeal; (3) counsel failed to move to dismiss count five as fatally defective; (4) counsel failed to object to counts one, three, and five as duplicitous; (5) counsel failed to object to jury instructions on counts two—five for including co-conspirator liability; (6) counsel failed to argue issues in a motion to suppress; (7) counsel failed to consult on pre-trial and trial preparation; (8) counsel failed to move for judgement of acquittal; and (9) counsel omitted claims from direct appeal.

Doc. 313; Doc. 325. The Court addresses each claim below.

### 1. Trial and Sentencing

For his first ineffective assistance claim, Perez argues that Kraus-Parr "provided ineffective assistance of counsel at trial and sentencing." Doc. 313 at 4. Beyond this statement, Perez asserts no additional facts or allegations that support this claim. Because this claim consists of a single, conclusory allegation, it does not overcome the presumption of reasonable assistance, and as a result, it fails under Strickland.

### 2. Insufficient Evidence

Perez alleges there was insufficient evidence to support his convictions and that Kraus-Parr was ineffective for failing to raise the issue on appeal. Doc. 313 at 5. The United States argues that Perez's claim is procedurally defaulted, unfit for a § 2255 motion, and conclusory. Doc. 337 at 35-37. The Court agrees. Perez did not raise sufficiency of the evidence on direct appeal. Section 2255 motions are not appropriate for challenging sufficiency of the evidence. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994) ("A claim that all of a crime's statutory elements were not proven is not a constitutional claim for the purposes of a collateral attack."). Because Perez did not raise the issue on appeal, it is procedurally defaulted. When a claim is procedurally defaulted, it may only be raised in a § 2255 motion if the defendant can demonstrate "cause" and actual "prejudice," Murray v. Carrier, 477 U.S. 478, 485 (1986), or actual innocence. Smith v. Murray, 477 U.S. 527, 537 (1986).

Perez does not argue innocence. He instead asserts his "cause" is that Kraus-Parr was ineffective for not raising the issue on appeal. Doc. 313 at 6. "To establish ineffective assistance of counsel, both as an independent claim and as cause and prejudice to excuse a procedural default," Perez must meet both prongs of the Strickland test. Id.; see also Owens v. United States, 483 F.3d 48, 64 n.13 (1st Cir. 2007) (noting that Strickland prejudice and the prejudice necessary to overcome procedural default overlap and may be addressed simultaneously). First, the Court finds that Kraus-Parr's performance did not fall below the "objective standard of reasonableness" required to show deficient representation. Meza-Lopez, 929 F.3d at 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "The Sixth Amendment does not require that counsel raise every colorable or non-frivolous claim on appeal." New v. United States, 652 F.3d 949, 953 (8th Cir.

2011). As the United States emphasizes, Kraus-Parr's decision to eliminate weak arguments for appeal is part of standard appellate advocacy practice. Doc. 337 at 36.

Second, Perez has not demonstrated prejudice. He fails to assert facts that suggest the Eighth Circuit would have ruled in his favor had Kraus-Parr raised the issue. In fact, he fails to assert any additional facts in support of his claim. If anything, Perez likely would have faced an uphill battle on direct appeal. After Kraus-Parr made her Rule 29 motion at trial, the Court determined the evidence was sufficient to go to the jury. Doc. 297 at 89-96. The jury subsequently—and unanimously—found Perez guilty beyond a reasonable doubt. Accordingly, Perez has not demonstrated the prejudice necessary to overcome the procedural default on his insufficient evidence claim nor to succeed on his related ineffective assistance of counsel claim. As such, the Court denies relief to Perez on these grounds.

### 3. Superseding Indictment Count Five

Perez claims that counsel was ineffective because she failed to move to dismiss count five of the indictment as fatally defective. The Court finds Perez's argument unpersuasive.

Perez's allegation stems from a change in what the United States must prove when prosecuting for unlawful possession of a firearm under 18 U.S.C. § 922(g). The case responsible for the change is Rehaif v. United States. 588 U.S. 225 (2019). Rehaif now requires the United States to prove the defendant "knew that he belonged to the relevant category of persons barred from possessing a firearm[.]" Id. at 237. After the Rehaif decision, the United States obtained a superseding indictment to conform with the knowledge requirement. Doc. 219 at 6. Kraus-Parr was not ineffective for failing to challenge an indictment that complied with the law.

Further, Perez does not describe how such a challenge would have changed the outcome in this case. If anything, a challenge would have likely failed. The United States cured any defect

pertaining to Rehaif in the superseding indictment. Perez fails to allege other deficiencies and how challenging them would have changed the outcome of this case. Accordingly, there can be no prejudice as there is not a reasonable probability that the result of the proceedings would have been different. Strickland, 466 U.S. at 694.

The Court finds that this ground is without merit, contradicted by the record, and provides no basis for relief. Additionally, given the strong presumption that Perez's counsel's performance was reasonable and based on sound strategy, Perez's claim fails to satisfy the Strickland test.

### 4. Duplicitous Counts

Perez asserts that counsel failed to object to counts one, three, and five of the superseding indictment as duplicitous. Doc. 325 at 13-14. An indictment is duplicitous if it joins "two or more distinct and separate offenses" in a single count. United States v. Moore, 184 F.3d 790, 793 (8th Cir. 1999). But, when reviewing an allegedly duplicitous indictment, a court must "distinguish between a statute creating several offenses and a statute merely enumerating several ways of committing the same offense." United States v. James, 172 F.3d 588, 593 (8th Cir. 1999). "Where a statute specifies two or more ways in which an offense may be committed . . . all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the acts conjunctively charged may establish guilt." United States v. Mohr, 728 F.2d 1132, 1135 (8th Cir. 1984).

Count one charges Perez with "Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance" in violation of 21 U.S.C. § 841. Doc. 219 at 1. This statute makes it unlawful for any person to knowingly or intentionally distribute or possess with intent to distribute a controlled substance. 21 U.S.C. § 841. Thus, count one specifies two ways in which the offense may be committed. Contrary to Perez's argument, it does not charge two or more offenses in the same count. Perez further alleges that count one charges him with aiding and

abetting. Doc. 325 at 13. Aiding and abetting is not a "distinct and separate offense," but rather is one way to prove the defendant guilty of the substantive offense. United States v. Gammell, 932 F.3d 1175, 1179 (8th Cir. 2019). So, count one is not duplicitous as it does not join two or more offenses in the same count.

Perez alleges that count three is duplicitous because it relates to "three different firearms." Doc. 325 at 15. Count three charges Perez with knowingly possessing firearms "in furtherance of the drug trafficking crimes charged in Count One and Count Two," in violation of 18 U.S.C. § 924(c)(1)(A). The statute provides:

> [A]ny person who, during in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm shall . . . be sentenced to a term of imprisonment . . . .

18 U.S.C. § 924(c)(1)(A) (emphasis added).

The Eighth Circuit held that § 924(c)(1)(A) can create separate offenses in the "uses or carries" prong of the statute versus the "possesses" prong. United States v. Gamboa, 439 F.3d 796, 809-10 (8th Cir. 2006). Thus, concerns of duplicity can arise when a single count includes both "uses and carries" in addition to "possesses." See United States v. Fleming, No. 8:22-cr-59, 2022 WL 3595204 (D. Neb. Aug. 22, 2022) (holding that a count under § 924(c)(1)(A) that charged both "possession" and "uses and carries" was duplicitous). The Eighth Circuit also held that under the "use" prong, multiple firearms can be charged as separate § 924(c) counts if the United States can prove separate uses. United States v. Canterbury, 2 F.3d 305, 306 (8th Cir. 1993). Perez's case is distinguishable from these scenarios. Here, multiple firearms were charged under the singular possession prong. The United States did not charge both use and possession, nor did it argue multiple uses in attempt to support separate § 924(c) charges.

Lastly, Perez alleges that count five is duplicitous, which alleges possession of multiple firearms and ammunition by a convicted felon under 18 U.S.C. § 922. In United States v. Richardson, 439 F.3d 421, 422 (8th Cir. 2006), the Eighth Circuit held that "Congress intended the allowable unit of prosecution to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition."

Kraus-Parr's choice not to object to these counts does not outweigh "the strong presumption that [her] conduct fell within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. The current state of the law, paired with the United States' observation that the phrasing on these counts is "common practice in this district" (Doc. 337 at 45), leads the Court to conclude that Kraus-Parr's performance on this matter was not deficient. Further, Perez has failed to establish facts that lead the Court to believe, but for the error, that he would not have been convicted. As a result, this claim fails under Strickland.

### 5. Jury Instructions

Perez asserts that Kraus-Parr failed to object to jury instructions that contained co-conspirator liability. The United States argues that Perez fails to show deficient performance or prejudice. Doc. 337 at 47. The Court agrees.

Specifically, Perez argues that Kraus-Parr failed to object to the fact that "the final jury instructions . . . permitted him to be convicted for an uncharged offense." Doc. 325 at 21. In cases when the United States pursues a theory of co-conspirator liability, instructing the jury on such liability is consistent with Eighth Circuit precedent—regardless of whether a separate conspiracy offense was charged. United States v. Zackery, 494 F.3d 644, 648 (8th Cir. 2007) ("As Pinkerton liability is an issue of whether the evidence was sufficient to convict the defendant of a substantive

11

offense, whether the indictment charged a separate conspiracy offense is simply irrelevant."). Given the status of the law, Kraus-Parr's choice not to object to the instructions was not outside the scope of effective assistance.

Further, Perez has failed to establish prejudice. He has not shown that, but for Kraus-Parr's failure to object, that he would have prevailed on the objection or by acquittal if the objection had been sustained. So, the Court finds this ground is without merit and provides no basis for relief. Additionally, given the strong presumption that Kraus-Parr's performance was reasonable and based on sound strategy, Perez's claim fails to satisfy the Strickland test.

### 6. Motion to Suppress

Perez asserts that Kraus-Parr was ineffective for "mishandling his Fourth Amendment objections." Doc. 325 at 23. The United States argues that Perez's argument is contradicted by the record and Kraus-Parr's performance was reasonable. Doc. 337 at 48-49. The Court agrees.

Kraus-Parr's sworn affidavit details how she "raised all the [Fourth Amendment] objections [Perez] identified" as well as all "viable legal attacks." Doc. 337-1 at 5. Perez contends that Kraus-Parr "could have argued" a myriad of additional issues related to the suppression motion. Doc. 325 at 28-30. But Kraus-Parr filed motions about a wide variety of issues: the roadside search, the dog sniff, the initial stop, and the second impound search. Id. She obtained an expert witness on the dog sniff issue. Doc. 149-1. She conducted a multiday hearing on the suppression motion and submitted post-hearing briefs. Doc. 208. She objected to the report and recommendation. Doc. 214. Strategic decisions such as these, clearly made after a thorough investigation of the facts and law, are "virtually unchallengeable." Orr, 636 F.3d at 950. Kraus-Parr's decision not to advance every plausible suppression argument does not amount to ineffective assistance. Based on the record, it is clear that Perez has not overcome the strong presumption that

12

Kraus-Parr provided adequate assistance and made all significant decisions in the exercise of professional judgment. Strickland, 466 U.S. at 690.

Even assuming that Kraus-Parr's performance was deficient (which the Court doubts), Perez failed to present evidence that he was prejudiced. Rather, as emphasized by the United States (Doc. 337 at 49), even if Kraus-Parr raised other suppression issues, it was highly unlikely that the outcome would have been different at the district court level or on appeal. Perez has not advanced any argument to the contrary. Accordingly, there can be no prejudice as there is not a reasonable probability that the result of the proceedings would have been different.

The Court finds that this claim provides no basis for relief. And given the strong presumption that Kraus-Parr's performance was reasonable and based on sound strategy, Perez's claim fails to satisfy the Strickland test.

### 7. Pre-trial and Trial Preparation

Perez claims Kraus-Parr was ineffective in pre-trial and trial preparation because she inadequately consulted with him pre-trial, inadequately conducted pretrial investigation, failed to call a witness to testify, and failed to interview government witnesses. Doc. 325. The United States argues that Perez's claims are contradicted by the record. Doc. 337.

Kraus-Parr's affidavit details that she spent "approximately 40 hours of phone and in person contact [with Perez,] which does not include additional time spent on letters and staff contact." Doc. 337-1 at 6. She made multiple trips to Crookston, Minnesota, and Fargo, North Dakota, for client meetings and discovery review. Id. She "spent a significant amount of time reviewing discovery, researching issues, and making pretrial motions" for an approximate total of 309 hours spent on Perez's district court case. Id. The United States asserts that Kraus-Parr's active participation in this case evidences her preparedness. Doc. 337 at 51. Aside from her motion to

suppress, she brought motions in limine, moved to withdraw stipulations, gave notice of intent to impeach the United States' witnesses, and objected to preliminary jury instructions. Docs. 248; 250; 251; 257; 258; 259. She extensively cross-examined witnesses and made a mistrial motion that she raised on appeal. Doc. 263 at 3; Perez, 29 F.4th at 979. In sum, it is clear that Kraus-Parr's performance in handling this case was far from deficient.

As to Perez's assertion that Kraus-Parr failed to call a witness, that choice is a "virtually unchallengeable decision of trial strategy." Ford v. United States, 917 F.3d 1015, 1024 (8th Cir. 2019). Kraus-Parr believed the testimony of this witness would be "possibly harmful at trial, [and would corroborate] the other two defendants' statements regarding Mr. Perez's actions and his knowledge of the contraband in the car." Doc. 337-1 at 6. This strategic decision, paired with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," means Kraus-Parr's performance was not unreasonable. Strickland, 466 U.S. at 669. Further, Perez makes no showing of prejudice. He alleges no facts that show what the witness would have testified to and how such evidence would have precluded his convictions.

Finally, Perez alleges that Kraus-Parr failed to interview government witnesses. "There is, however, no per se rule that failure to interview witnesses constitutes ineffective assistance." Sanders v. Trickey, 875 F.2d 205, 209 (8th Cir. 1989). Instead, the outcome depends on the facts of the case. Id. Here, as discussed above, it is apparent that Kraus-Parr completed "an adequate investigation of the facts of the case, consideration of viable theories, and development of evidence to support those theories." Henderson v. Sargent, 926 F.2d 706, 711 (8th Cir. 1991). Perhaps more important to this allegation, Perez fails to show prejudice. He has not shown a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

As a result, each ineffective pre-trial and trial preparation claim fails under Strickland. Perez has not demonstrated constitutionally deficient representation or that he was prejudiced. Accordingly, the claims are without merit and are denied.

### 8. Motion for Judgment of Acquittal

Perez asserts that Kraus-Parr was ineffective because she failed to move for judgement of acquittal. The Court finds that Perez's claim is contradicted by the record.

At trial, Kraus-Parr did move for a judgment of acquittal at the conclusion of the evidence. Doc. 263 at 3. After argument from Kraus-Parr and the United States, the Court denied the motion. Doc. 297 at 89-96. Because Kraus-Parr did move for a judgment of acquittal, Perez's claim fails. To the extent Perez claims Kraus-Parr could have made a more effective argument, this does not establish ineffective assistance under Strickland. See Murray v. Carrier, 477 U.S. 478, 486 (1986) ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim . . . does not constitute cause for [ineffective assistance]."). Counsel's failure to make a more persuasive motion does not amount to ineffective assistance. The Court finds that Kraus-Parr's performance was not outside the wide range of competent assistance. See Strickland, 466 U.S. at 690. As a result, the claim fails and can be summarily dismissed.

### 9. Claims on Appeal

For his final claim, Perez argues Kraus-Parr was ineffective for failing to raise arguments on direct appeal. Perez raises a variety of claims he believes should have been raised.

"A criminal defendant is entitled to effective assistance of counsel on a first appeal as of right." Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989). "The Sixth Amendment does not require that counsel raise every colorable or non-frivolous claim on appeal." New v. United States, 652 F.3d 949, 953 (8th Cir. 2011). Additionally, the Eighth Circuit stated:

> Where, as here appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a[n] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims. This is because one of appellate counsel's functions is to winnow the available arguments and exercise judgment about which are most likely to succeed on appeal.

Walker, 810 F.3d at 579. "It is difficult to overcome Strickland's presumption of reasonableness unless the ignored issues are clearly stronger than those presented." Id. (citations omitted).

Here, Kraus-Parr raised the denial of his suppression motion and related issues on direct appeal. See Perez, 29 F.4th at 979. Although Perez maintains Kraus-Parr failed to raise arguments on appeal, Perez neither compares the strength of these claims to the claims on appeal she did assert, nor does he otherwise cast doubt on her strategic decisions not to raise other arguments. Without more, the Court is left with conclusory allegations that do not overcome Strickland's presumption of reasonableness. As a result, Perez's final claim fails.

In sum, none of Perez's nine ineffective assistance of counsel claims satisfy the Strickland test. Perez has not demonstrated constitutionally deficient representation and that Kraus-Parr's performance fell below an objective standard of reasonableness. He also fails to show prejudice as to any of the claims. Accordingly, these claims are without merit and are denied.

### C. Evidentiary Hearing

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). So, no hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After review of Perez's claims, the record decisively refutes all of the claims presented, or the allegations, even accepted as true, would not entitle him to relief. Dismissal without a hearing on these claims is warranted because no relevant factual dispute exists. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

## V.     CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant case law. Perez's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Docs. 313; 325) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of November, 2025.

                                            */s/ Peter D. Welte*
                                            Peter D. Welte, Chief Judge
                                            United States District Court